**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-23507**

VOLTSTAR TECHNOLOGIES, INC.,

                Plaintiff,

v.

SUN ZHONGYUAN A/K/A SZYSK
DIRECT,
                Defendant.

_____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VOLTSTAR TECHNOLOGIES, INC. ("Voltstar") by and through its undersigned counsel, brings this Complaint against defendant for Patent Infringement, and in support, alleges as follows:

## NATURE OF THE LAWSUIT

1.      This is an action for patent infringement of United States Patent Number 9,024,581, and its Reissue Patent Number RE48,794 E (hereinafter, the " '794 Patent") arising under the patent laws of the United States Title 35, United States Code §§ 1 *et seq.* to enjoin further infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, offer to sell and sale in the United States of products identified and described herein in violation of Plaintiff Voltstar's rights under the '794 Patent.

## JURISDICTION AND VENUE

2.      This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

3.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1387.

4.      This Court has personal jurisdiction over the Defendant.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because defendant is not resident in the United States and therefore may be sued in any judicial district, and because defendant has committed acts of infringement in this district.

## THE PLAINTIFF

6.      Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is an Illinois Corporation with a principal place of business located at P.O. Box 3727, Barrington, IL 60010.

## THE PLAINTIFF'S PATENT

7.      Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number RE48,794 E (the "'794 patent"), entitled "Charger Plug With Improved Package ", issued October 26, 2021.  A copy of the '794 Patent is attached hereto as **Exhibit 1**.

8.      Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

9.      McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015.

10.     McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc. in May, 2008, which was recorded at the United States Patent and Trademark Office on May 21, 2008 at Reel 20979, Frame 56. Horizon Technologies, Inc. changed its name to Voltstar Technologies, Inc. and recorded such change of

name at the United States Patent and Trademark Office on March 1, 2010, and corrected on November 22, 2010 at Reel 25411, Frame 783.

11.     In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent to or in front of the outlet.  In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power.

12.     On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794 E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches …"[1]

---

[1] The previous language of the U.S. Patent No. 9,024,581 Claim 1(i) stated: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is equal to or less than 2.0 inches …"
On reissue, the USPTO amended the claim language. The bolded language was omitted and the italicized portion was included, shown as follows: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is [**equal to or**] less than 2.0 inches, *a width of the housing outer profile being less than 1.75 inches* …"

13.     Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '794 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent as May 5, 2015.

## THE DEFENDANT

14.     The defendant is the following individual or entity who is known by the plaintiff by at least the defendant's seller ID on Amazon.com.

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| sun zhongyuan | SZYSK Direct | A12OWWL0HIGME7 | 松白路三联工业区 同高3栋309 宝安区石岩街道塘头社区 深圳市 宝安 广东 518108 CN |

15.     Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

16.     Defendant is an individual and/or business entity who either resides and/or operates in foreign jurisdictions including China and ships its goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

17.     Defendant is engaged in business in Florida but has not appointed an agent for service of process.

18.     Defendant targets its business activities toward consumers throughout the United States, including within this district, through operation of commercial Internet based e-commerce stores.

19.     Defendant purposefully directs some portion of its illegal activities towards consumers in the state of Florida through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

20.     Upon information and belief, at all times relevant hereto, defendant had actual or constructive knowledge of Plaintiff's intellectual property rights.

## **DEFENDANT'S PRODUCTS**

21.     Defendant makes, uses, offers for sale and sells the charger products shown in **Exhibit 2** to the complaint and listed below.

| Brand | ASIN | Product_Link | Product_Name |
|-------|------|--------------|--------------|
| SZYSK Direct | B0D8T9JM52 | https://www.amazon.com/SZYSK-Charger-Version-Designed-Readers/dp/B0D8T9JM52/ | USB-C Fast Charger for New Kindle Fire Tablets(Designed for use with USB-C Fire Tablets and Kindle E-Readers)-6.6Ft Braided Cord,15W Power Adapter |
| SZYSK Direct | B0D5LGBX DV | https://www.amazon.com/Charger-Kindle-Tablets-Designed-Readers/dp/B0D5LGBXDV/ | 15W Fast Charger for New and Old Kindle Fire Tablets with 6.6Ft USB-C and Micro Cable (Designed for use with Fire Tablets and Kindle E-Readers |

| Brand | ASIN | Product_Link | Product_Name |
|---|---|---|---|
| SZYSK Direct | B09XQ2VSZH | https://www.amazon.com/MacBook-Charger-13-inth-12-Inch-Charging/dp/B09XQ2VSZH/ | MacBook Air Charger Compatible with M1/M2/M3/M4 Chip Laptops MacBook Air Retina 13-inth & MacBook 12-Inch Laptops,iPhone 15/16-6.6ft USB-C Cable,30W PD USB-C Power Adapter |
| SZYSK Direct | B075CFJWKD | https://www.amazon.com/Charger-BestPlayer-Adapter-Micro-USB-Paperwhite/dp/B075CFJWKD/?th=1 | USB-C Fast Charger for New Kindle(11th Gen), Kindle Paperwhite(11th Gen),New Fire HD 8,8Plus,10,10Plus,Kids, Kids Pro,Max 11 Tablet(2020-2025 Release), -6.6Ft USB-C Cable,15W Power Adapter |

22.     Defendant advertises the use of and sale of its chargers to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

23.     The chargers distributed by Defendant employ a reduced plug-size charger plug, that upon plugging the chargers into a source of AC power such as a wall outlet, the chargers do not block or interfere with the use of adjacent outlets.

24.     The size and shape of the defendants' chargers are such that a power cord for the device to be charged may be easily inserted into and removed from the chargers while the charger is plugged into the source of AC power, and removal of the power cord from the chargers can be accomplished without removal of the charger from the source of AC power.

25.     Attached hereto as **Exhibit 3** is a Claim Chart that illustrates each element of at least one of defendant's infringing chargers as compared to Claim 1 in the '794 Patent.

26.     Defendant infringed at least one of the claims of the '794 Patent.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E

27.      Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1 through 26, as set forth above.

28.     Within the six years preceding the filing of this Complaint, defendant has directly infringed at least one claim of U.S. Patent No. RE48,794 E by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

29.     Without limiting the foregoing, defendant has infringed at least Claim 1 of the '794 Patent as described in the Claim Chart attached hereto as **Exhibit 3**.

30.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without license, permission, or authorization from Voltstar.

31.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of defendant's products that incorporate Voltstar's patent.

32.     Defendant's infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT II– DECEPTIVE OR UNFAIR TRADE PRACTICES IN VIOLATION OF FLORIDA LAW

33.     Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

34.      The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") broadly declares in §501.204(1) that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.

35.     FDUTPA provides that in construing the statute "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission (FTC) and the federal courts relating to Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)."

36.      The Integrity, Notification, and Fairness in Online Retail Marketplaces for Consumers Act (INFORM Act) became effective on June 27, 2023, with the primary goal of increasing transparency in online marketplace transactions.

37.     The INFORM Act requires online marketplaces to collect, verify, and disclose specific information about high-volume third-party sellers to protect consumers from counterfeit, unsafe, and stolen goods.

38.     The INFORM act applies to all "high-volume third-party sellers" who are defined as sellers who have conducted 200 or more discrete transactions and generated $5,000 or more in gross revenue within any continuous 12-month period during the previous 24 months. Marketplaces must display the seller's business name, physical address, and contact information on product listing pages or in order confirmations for these sellers. This transparency requirement directly addresses consumer protection concerns by enabling buyers to identify and contact sellers, thereby deterring fraudulent activities.

39.     The INFORM Act mandates that online marketplaces collect bank account information, contact information, and tax identification numbers from these sellers.

40.     The defendant in this action meets the definition of "high-volume third-party sellers" with annual gross revenues of $20,000 or more.

41.     The defendant in this action violated the INFORM Act by failing to provide the required information or providing false information.

42.     The INFORM Act explicitly grants enforcement authority to the FTC and violations of the INFORM Act are statutorily defined as "unfair or deceptive acts or practices" under Section 5 of the FTC Act.

43.     The FTC's authority encompasses practices that are "likely to mislead" consumers, even if no actual deception occurs; failure to disclose pertinent facts that could materially affect consumer purchasing decisions constitutes a deceptive practice under established FTC precedent.

44.     When marketplace sellers, such as the defendant in this case, violate INFORM Act requirements by failing to provide required information or providing false information, they create the precise consumer harm the Act was designed to prevent. Such violations can mislead consumers about seller identity, impede communication regarding defective products, and facilitate the sale of counterfeit or stolen merchandise.

45.     The defendant's violations of the INFORM Act serve as a predicate violation for plaintiff's state law unfair or deceptive practice claims.

46.     The defendant's violations of the INFORM Act were a proximate cause of harm to plaintiff because the violations led to sales by defendant under circumstances where, *inter alia*, consumers cannot identify sellers or verify their legitimacy; absent required contact information, consumers could not address product defects or seek remedies; non-compliance with the INFORM Act facilitates criminal activity and counterfeit sales; material omissions about seller identity affect consumer choice.

47.     Plaintiff has entered into licensing agreements for its patent with third parties.

48.     The third parties who entered into licensing agreements with plaintiff are legitimately entitled to practice plaintiff's patent.

49.     Defendant is not entitled to practice plaintiff's patent.

50.     As a direct and proximate result of defendant's unfair or deceptive trade practices, plaintiff suffered and will continue to suffer loss and defendants will continue to unfairly acquire income, profits, and goodwill without the need to pay plaintiff a royalty for use of plaintiff's patent.

51.     Plaintiff has been damaged.

52.     The damage to plaintiff is irreparable.

53.     Unless enjoined, defendant's unfair and deceptive practices will continue to deceive the public and injure competition.

## COUNT III– DECEPTIVE OR UNFAIR TRADE PRACTICES IN VIOLATION OF NEW YORK LAW

54.     Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

55.      The New York General Business Law ("NYGBL") broadly declares in §349 that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

56.     The Integrity, Notification, and Fairness in Online Retail Marketplaces for Consumers Act (INFORM Act) became effective on June 27, 2023, with the primary goal of increasing transparency in online marketplace transactions.

57.     The INFORM Act is consumer oriented and its violation results in actions that are deceptive or materially misleading to the reasonable consumer.

58.     The INFORM Act requires online marketplaces to collect, verify, and disclose specific information about high-volume third-party sellers to protect consumers from counterfeit, unsafe, and stolen goods.

59.    The INFORM Act applies to all "high-volume third-party sellers" who are defined as sellers who have conducted 200 or more discrete transactions and generated $5,000 or more in gross revenue within any continuous 12-month period during the previous 24 months. Marketplaces must display the seller's business name, physical address, and contact information on product listing pages or in order confirmations for these sellers. This transparency requirement directly addresses consumer protection concerns by enabling buyers to identify and contact sellers, thereby deterring fraudulent activities.

60.    The INFORM Act mandates that online marketplaces collect bank account information, contact information, and tax identification numbers from these sellers.

61.    The defendant in this action meets the definition of "high-volume third-party sellers" with annual gross revenues of $20,000 or more.

62.    The defendant in this action violated the INFORM Act by failing to provide the required information or providing false information.

63.    The INFORM Act explicitly grants enforcement authority to the FTC and violations of the INFORM Act are statutorily defined as "unfair or deceptive acts or practices" under Section 5 of the FTC Act.

64.    The FTC's authority encompasses practices that are "likely to mislead" consumers, even if no actual deception occurs; failure to disclose pertinent facts that could materially affect consumer purchasing decisions constitutes a deceptive practice under established FTC precedent.

65.    When marketplace sellers, such as the defendant in this case, violate INFORM Act requirements by failing to provide required information or providing false information, they create the precise consumer harm the Act was designed to prevent. Such violations can mislead

consumers about seller identity, impede communication regarding defective products, and facilitate the sale of counterfeit or stolen merchandise.

66.     The defendant's violations of the INFORM Act serve as a predicate violation for plaintiff's state law unfair or deceptive practice claims.

67.     The defendant's violations of the INFORM Act were a proximate cause of harm to plaintiff because the violations led to sales by defendant under circumstances where, *inter alia*, consumers cannot identify sellers or verify their legitimacy; absent required contact information, consumers could not address product defects or seek remedies; non-compliance with the INFORM Act facilitates criminal activity and counterfeit sales; material omissions about seller identity affect consumer choice.

68.     Plaintiff has entered into licensing agreements for its patent with third parties.

69.     The third parties who entered into licensing agreements with plaintiff are legitimately entitled to practice plaintiff's patent.

70.     Defendant is not entitled to practice plaintiff's patent.

71.     As a direct and proximate result of defendant's unfair or deceptive trade practices, plaintiff suffered and will continue to suffer loss and defendants will continue to unfairly acquire income, profits, and goodwill without the need to pay plaintiff a royalty for use of plaintiff's patent.

72.     Plaintiff has been damaged.

73.     The damage to plaintiff is irreparable.

74.     Unless enjoined, defendant's unfair and deceptive practices will continue to deceive the public and injure competition.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against defendant and respectfully requests that the Court:

     A. An entry of judgment holding that defendant has infringed and is infringing the '794 Patent;

     B. For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

     C. A determination that defendant's infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

     D. A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

     E. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '794 Patent;

     F. Enter judgment in favor of Plaintiff and against Defendant for violations of New York General Business Law § 349 and Florida's Deceptive and Unfair Trade Practices Act § 501.204(1).

     G. Award Plaintiff actual damages in an amount to be proven at trial, as authorized by N.Y. Gen. Bus. Law § 349(h) and Fla. Stat. § 501.211(2).

     H. Pursuant to N.Y. Gen. Bus. Law § 349(h), award the greater of actual damages or statutory damages of fifty dollars ($50) per violation, and, upon a finding that

13

Defendant's conduct was willful or knowing, increase such damages up to three times the actual damages, not to exceed one thousand dollars ($1,000).

I.   Grant appropriate injunctive and declaratory relief enjoining Defendant from continuing the deceptive and unfair practices described herein and declaring such conduct unlawful under NYGBL § 349 and FDUTPA § 501.204(1).

J.   Order restitution and/or disgorgement of all monies unjustly retained by Defendant as a result of its unlawful conduct.

K.   Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in this action, as provided by N.Y. Gen. Bus. Law § 349(h) and Fla. Stat. §§ 501.2105, 501.211(2), and

L.   Award Voltstar such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 5, 2025                    Respectfully submitted,

                                         */s/  Layla T. Nguyen*
                                         LAYLA T. NGUYEN
                                         Florida Bar Number: 1024723
                                         layla.nguyen@sriplaw.com
                                         JOEL B. ROTHMAN
                                         Florida Bar Number: 98220
                                         Joel.rothman@sriplaw.com

                                         **SRIPLAW, P. A.**
                                         21301 Powerline Road
                                         Suite 100
                                         Boca Raton, FL 33433
                                         561.826.6924 – Telephone
                                         561.404.4353 – Facsimile

                                         *Counsel for Plaintiff Voltstar Technologies, Inc.*

14

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS